# EXHIBIT A

# EXHIBIT A

1 | **SUMM**

2 | Leon Greenberg, NSB 8094

3 | A Professional Corporation
633 S, 4th St., suite 4

4 | Las Vegas,  NV  89101
702-383-6085

5 | Attorney for Plaintiffs

6 | **DISTRICT COURT**

7 | **CLARK COUNTY, NEVADA**

8 |

9 | DEBRA PITTMAN, ROSALYNE R.
SMITH, MARKOS MENDOZA, RINEO

10 | VLIJTER and EDITH MARSHALL,
individually and on behalf of

11 | all others similarly situated

12 | CASE NO. A 5 8 7 9 9 5

13 | Plaintiff(s),    DEPT. NO.

14 | -vs-    X VI

15 | WESTGATE PLANET HOLLYWOOD LAS
VEGAS, LLC., WESTGATE RESORTS

16 | INC., WESTGATE RESORTS LTD.,
CFI SALES & MARKETING, LTD.,

17 | CFI SALES & MARKETING, LLC.,
CFI SALES & MARKETING, INC.,

18 | DAVID A. SIEGEL, RICHARD SIEGEL

19 | and "John Doe" entities 1 to
25, name and number unknown,

20 |

21 | Defendants

22 |

23 | **SUMMONS - CIVIL**

24 | **NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**
**WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**

25 | **READ THE INFORMATION BELOW.**

26 | **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against

27 | you for the relief set forth in the Complaint.

28 |     1.    If you intend to defend this lawsuit, within 20 days after this Summons

is served on you, exclusive of the day of service, you must do the

following:    SUMM Civil/4/16/2009

       (a) File with the Clerk of this Court, whose address is shown below, a

           formal written response to the Complaint in accordance with the

           rules of the Court, with the appropriate filing fee.

       (b) Serve a copy of your response upon the attorney whose name and

           address is shown below.

2.     Unless you respond, your default will be entered upon application of the

      Plaintiff(s) and failure to so respond will result in a judgment of default

      against you for the relief demanded in the Complaint, which could result

      in the taking of money or property or other relief requested in the

      Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do

     so promptly so that your response may be filed on time.

4.     The State of Nevada, its political subdivisions, agencies, officers,

      employees, board members, commission members and legislators

      each have 45 days after service of this Summons within which to file an

      Answer or other responsive pleading to the Complaint.

CLERK OF THE COURT

Submitted by:

LAURA REVELES

By:_____

Deputy Clerk           Date

LEON GREENBERG, ESQ.
633 S. 4th Street, Suite 4
Las Vegas, NV  89101
702-383-6085
Attorney for Plaintiffs

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

APR 1 6 2009

**NOTE: When service is by publication, add a brief statement of the object of the action.  See Nevada Rules of Civil Procedure 4(b)**

SUMM Civil/4/16/2009

.AFFIDAVIT OF SERVICE

STATE OF NEVADA   )
                  )   ss:
COUNTY OF CLARK   )

_____, being duly sworn, says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.  That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1.    Delivering and leaving a copy with the Defendant _____ at (state address) _____

2.    Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address) _____

**[Use paragraph 3 for service upon agent, completing (a) or (b)]**

3.    Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____

      (a)    With _____ as _____, an agent lawfully designated by statute to accept service of process;

      (b)    With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

☐ Ordinary mail
☐ Certified mail, return receipt requested
☐ Registered mail, return receipt requested

3

addressed to the Defendant _____ at  Defendant's last known address which is

(state address) _____

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _____ day of _____, 20_____.

_____

Signature of person making service

4

SUMM Civil/4/16/2009

1  COMP

FILED

2  Mark R. Thierman, NSB 8285
   THIERMAN LAW FIRM
3  7287 Lakeside Drive
   Reno, NV 89511
4  Telephone (775) 284-1500

APR 16  5 10 PM '09

CLER...

5  Leon Greenberg, NSB 8094
   A Professional Corporation
6  633 South 4ᵗʰ Street - Suite 4
   Las Vegas, Nevada 89101
7  Telephone (702) 383-6085

8  Attorneys for Plaintiffs

9              DISTRICT COURT

10        CLARK COUNTY, NEVADA        A 5 8 7 9 9 5

11  DEBRA PITTMAN, ROSALYNE R.      )    Case No.:
    SMITH, MARKOS MENDOZA, RINEO    )
12  VLIJTER and EDITH MARSHALL,     )    Dept. No.: XVI
    individually and on behalf of   )
13  all others similarly situated,  )
                                    )
14            Plaintiffs,           )
                                    )
15  v.                              )
                                    )
16  WESTGATE PLANET HOLLYWOOD LAS   )    ARBITRATION EXEMPTION
    VEGAS, LLC., WESTGATE RESORTS   )    CLAIMED BECAUSE THIS
17  INC., WESTGATE RESORTS LTD.,    )    IS A CLASS ACTION
    CFI SALES & MARKETING, LTD.,    )    CASE
18  CFI SALES & MARKETING, LLC.,    )
    CFI SALES & MARKETING, INC.,    )
19  DAVID A. SIEGEL, RICHARD        )
    SIEGEL and "John Doe" entities  )
20  1 to 25, name and number        )
    unknown,                        )
21                                  )
              Defendants.           )
22

23          CLASS ACTION COMPLAINT FOR VIOLATION
24             OF STATE AND FEDERAL LABOR LAWS

25      Now comes Plaintiffs, for themselves and all others similarly

26  situated, and allege the following upon personal knowledge as to

27  themselves and their own acts, and upon information and belief as

28  to all other matters:

                          1

JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), which provides, "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer...in any federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Consent to Joinder forms have been filed with this Complaint.

2.    Venue is proper in the District Court of Nevada, Eighth Judicial District, because Defendants conduct business in Clark County Nevada, plaintiffs reside in Clark County, Nevada, Plaintiffs worked for defendants in Las Vegas, and the acts complained of herein happened in or around Las Vegas.

**BACKGROUND AND PARTIES**

3.    Plaintiffs DEBRA PITTMAN, ROSALYNE R. SMITH, MARKOS MENDOZA, RINEO VLIJTER and EDITH MARSHALL, (the "individual plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against defendants WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC., WESTGATE RESORTS INC., WESTGATE RESORTS LTD., CFI SALES & MARKETING, LTD., CFI SALES & MARKETING, LLC., CFI SALES & MARKETING, INC., DAVID A. SIEGEL, RICHARD SIEGEL and "John Doe" entities 1 to 25, name and number unknown ("Westgate" or "defendants").

4.    The defendants "John Doe" entities 1 to 25 are named fictitiously and their exact legal names and the number of such defendants are unknown (the "John Doe Defendants"). Such

2

1   defendants are legal entities that are part of the Westgate

2   Timeshare Business Enterprise (the "WTBE") that is described herein

3   and are alleged to be liable to the plaintiff in the same fashion as

4   the identified defendants, and such "John Doe" defendants shall be

5   precisely identified and named in this case at a later date when

6   sufficient information as to the same becomes available to the

7   plaintiffs.

8        5.   The defendants DAVID A. SIEGEL and RICHARD SIEGEL for the

9   purposes of the claims made herein under the Fair Labor Standards

10  Act, 29 U.S.C. § 201 et seq. (the "FLSA") are deemed employers under

11  the FLSA as they have acted on behalf of an employer and/or acted as

12  an employer by willfully, intentionally, knowingly or otherwise

13  promoting, allowing, directing or otherwise creating the

14  compensation policies alleged herein that violate the FLSA, such

15  individual defendants also exercising the power they had within the

16  WTBE to continue, create, or allow such policies to flourish and

17  remain in existence.

18       6.   The identified defendants that are part of the WTBE and

19  are corporations or other business entities are formed pursuant to

20  the laws of the State of Nevada or another jurisdiction and are

21  currently conducting business in the State of Nevada or have within

22  the relevant time period conducted such business either directly or

23  through their affiliated agents or entities that are part of the

24  WTBE.

25       7.   The WTBE consists of all of the defendants, such business

26  being engaged in the sale, creation, development and management of

27  timeshare properties throughout the United States, including in

28  Nevada, Arizona, Florida, Missouri, Mississippi, South Carolina,

1  Tennessee, Utah and Virginia.

2      8.   The WTBE derives over $100 million per year of revenue

3  from the developing, marketing, management and sales of fractional

4  interests in "time-share" condominiums and resorts.

5      9.   The individual plaintiffs were employed as marketing

6  personnel in the WTBE's Las Vegas time share sales business during

7  the six years immediately preceding the filing of this lawsuit.  The

8  individual plaintiffs worked in a variety of positions, including

9  OPC, Greeter, and Marketing Manager, Marketing Supervisor, Assistant

10 Marketing Director, General Manager.  WTBE either paid or promised

11 to pay the individual plaintiffs either the greater of an hourly

12 wage or commissions earned each week or a salary plus commissions.

13     10.  Upon information and belief, the WTBE employed hundreds or

14 thousands of such marketing personnel within the United States on a

15 commission only basis within the last three years.

16     11.  The individual plaintiffs seek certification of this case

17 as a collective action of all similarly situated marketing personnel

18 who worked for the WTBE within the last three (3) years immediately

19 preceding the filing of the Complaint and who, as alleged herein,

20 have claims under the FLSA, pursuant to 29 U.S.C. §216(b).

21     **FACTUAL ALLEGATIONS**

22     12.  The WTBE employs marketing personnel like the individual

23 plaintiffs who work on defendants premises, meaning locations rented

24 by the defendants that are within other large privately owned places

25 of public accommodation, including the Planet Hollywood Casino and

26 Showcase Mall in Las Vegas, Nevada.

27     13.  The marketing personnel employed by the defendant in the

28 positions of OPC and Greeter are promised that they will receive,

4

1  for each week of their work, the greater of an hourly rate of pay or
2  the commissions or piecework payments that they earn.

3    14.   The plaintiffs who worked as OPC or Greeter also were
4  promised a set amount of commission or a piecework payment for every
5  individual they successfully convinced to participate in a timeshare
6  sales presentation by the defendants' sales personnel and during
7  certain periods of time were also promised an additional commission
8  or piecework payment based upon the volume of persons they convinced
9  to participate in a timeshare sales presentation that actually
10 bought timeshares from defendants.

11    15.   The plaintiffs who worked as Marketing Manager, Marketing
12 Supervisor, Assistant Marketing Director, or General Manager were
13 paid a salary and also were promised certain commission or piecework
14 payments based upon how many persons the OPC and Greeters convinced
15 to participate in a timeshare sales presentation given by the
16 defendants' sales personnel and during certain periods of time were
17 also promised an additional commission or piecework payment based
18 upon the volume of persons they convinced to participate in a
19 timeshare sales presentation that actually bought timeshares from
20 defendants.

21    16.   One or both of the defendants David A. Siegel and Richard
22 Siegel are the owners in whole or in part of the WTBE and are
23 responsible for making decisions, or ratifying the decisions of
24 other policy makers, as to the compensation policies used by the
25 WTBE for the plaintiffs.

26    17.   The various nominally separate legal entities making up
27 the WTBE are, for the purposes of the Fair Labor Standards Act and
28 the other claims made herein, a common or joint enterprise or

1 partnership that is collectively, jointly and severally liable to
2 all of the putative plaintiffs described herein.

3    18.   None of the defendants' marketing persons working in the
4 position of OPC or Greeter receive any extra overtime pay for work
5 in excess of forty (40) hours per week and they regularly do perform
6 such work, such persons only receive payment of the commissions or
7 piecework payments they earn in such weeks.

8    19.   WTBE, which is in the business of selling real estate, is
9 not engaged in an industry having a "retail concept" as that term
10 is defined by the United States Department of Labor at Subpart D of
11 Part 779 of Title 29 of the Code of Federal Regulations.

12   20.   None of the defendants' marketing persons working in the
13 position of OPC or Greeter are engaged in "sales" activities in
14 that such persons do not sell a retail or other product or service
15 and, in fact, sell nothing whatsoever, as their function is to
16 persuade people to participate in timeshare sales presentations.

17   **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

18   21.   Pursuant to Section 16(b) of the FLSA, the individual
19 plaintiffs bring this Complaint as a collective action (also
20 commonly referred to as an "opt-in" class), on behalf of themselves
21 and all persons similarly situated within the class of marketing
22 persons employed by the WTBE in OPC or Greeter positions in the
23 State of Nevada within three (3) years of the filing of this
24 Complaint until entry of judgment after trial.

25   22.   In respect to the Nevada statutory claims set forth in the
26 Second and Third Claims for relief, and the breach of contract and
27 conversion claims set forth in the Fourth Claim for relief, the
28 individual plaintiffs bring this action as a class action pursuant

6

1  to N.R.C.P Rule 23 on behalf of themselves and a subclass of all
2  similarly situated marketing persons employed by the WTBE in the
3  State of Nevada in the OPC and Greeter position in respect to the
4  Second Claim for relief, and as a class of all similarly situated
5  marketing persons employed by the WTBE in the State of Nevada on the
6  Third and Fourth Claims for Relief who sustained damages from
7  defendants' breach of its contracts with its marketing personnel
8  within six (6) years or such other applicable statute of limitations
9  of the filing of this Complaint until entry of judgment after trial.
10
11      23.   Plaintiffs are informed and believe, and based thereon
12  allege that there are at least 500 putative class and subclass
13  members.   The actual number of class and subclass members is readily
14  ascertainable by a review of the WTBE's records through appropriate
15  discovery.
16      24.   The number of class members is so numerous that joinder is
17  impracticable and would involve hundreds or thousands of actions.
18  Disposition of these claims in a class and/or collective action
19  rather than in individual actions will benefit the parties and the
20  Court.
21      25.   There is a well-defined community of interest in the
22  questions of law and fact affecting the class as a whole.
23      26.   Proof of a common or single set of facts will establish
24  the right of each member of the class and subclass to recover.
25  These common questions of law and fact predominate over questions
26  that affect only individual class members.   The individual
27  plaintiffs' claims are typical of those of the class and the
28  subclass.

27. A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since 1) the employer's practices were uniform; 2) the burden is on the employer to prove any exemption; 3) the employer must demonstrate it has compensated the class members in compliance with their contracts of employment; and 4) the burden is on the employer to disprove the hours of overtime claimed by the employees.

28. The individual plaintiffs will fairly and adequately represent the interests of the class and the subclass, and have no interests that conflict with or are antagonistic to the interests of the class or the subclass.

29. The individual plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

30. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

**FIRST CLAIM FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT**

31. The individual plaintiffs repeat the allegations set forth in paragraphs 1 through 30 as if each were separately and completely

8

1 set forth herein.

2      32.   The defendant, the WTBE is in the business of developing
3 and marketing time-share condominiums and resorts.   The WTBE
4 includes real estate companies required to be licensed by the Real
5 Estate licensing authorities in the states in which it does
6 business.

7      33.   The business of marketing time-share condominiums and
8 resorts is not a retail business as that term is defined by the
9 United States Department of Labor at Subpart D of Part 779 of Title
10 29 of the Code of Federal Regulations and the activities of the
11 plaintiffs in the position of OPC or Greeter in furtherance of that
12 business are not subject to any exemption from the FLSA's
13 requirements in respect to the payment of overtime or minimum
14 wages.

15      34.   By their conduct, as set forth herein, defendants violated
16 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half
17 their regular hourly rates for hours worked in excess of forty (40)
18 hours during a workweek and at certain times violated 29 U.S.C. §
19 206 by failing to pay a minimum wage to employees during certain
20 weeks of employment.

21      35.   As a result of the unlawful acts of defendants, the
22 individual plaintiffs and the plaintiff class members have been
23 deprived of overtime pay and/or minimum wages in amounts to be
24 proven at trial.

25      36.   At all relevant times, the WTBE was aware of the duties
26 performed by the individual plaintiffs and the FLSA Class and was
27 also fully aware that the duties of the individual plaintiffs and
28 the FLSA Class Members were inconsistent with exempt status, and

9

1     that such persons were and are not exempt from the overtime and

2     minimum wage provisions of the FLSA.

3        37.   Defendants' violations of 29 U.S.C. §207(a) and 29 U.S.C.

4     § 206 were repeated, willful and intentional.

5        38.   The individual plaintiffs, on behalf of themselves and all

6     of the FLSA class members who choose to join this action by filing

7     written consents to joinder with the Court, demand judgment against

8     defendants for the unpaid balance of overtime compensation and/or

9     minimum wages, plus an equal amount as liquidated damages, along

10     with reasonable attorneys' fees and costs of suit, and such other

11     relief as the court deems proper and just.

12     **SECOND CLAIM FOR RELIEF UNDER NEVADA'S LABOR LAWS**

13        39.   The individual plaintiffs repeat the allegations set forth

14     in paragraphs 1 through 38 as if each were separately and completely

15     set forth herein.

16        40.   The individual plaintiffs bring this Second Claim for

17     Relief against the defendants pursuant to NRS § 608.250, for non-

18     payment of minimum wages, NRS § 608.018, for non-payment of overtime

19     wages and NRS § 608.019, for payment of unpaid rest periods, on

20     behalf of themselves and the subclass of Nevada OPC and Greeter

21     marketing employees.

22        41.   Pursuant to NRS § 608.250, the plaintiffs were entitled to

23     an hourly minimum wage, and pursuant to NRS § 608.018, they were

24     also entitled to the payment of wages at time and one-half their

25     normal hourly rate when they worked in excess of 8 hours a day or 40

26     hours a week, and the plaintiffs were not paid such required wages.

27        42.   Pursuant to NRS § 608.019, the plaintiffs were entitled

28     to paid rest time equal to 10 minutes for every 4 hours of work or

1  major fraction thereof each day and the defendant failed to provide

2  the paid rest time required by such statute.

3      43.    The individual plaintiffs on behalf of themselves and

4  the subclass members, seek, on this Second Claim for Relief, a

5  judgment against defendants for minimum wages and/or overtime wages

6  and unpaid rest time, such sums to be determined based upon an

7  accounting of the hours worked by, and wages actually paid to, the

8  plaintiffs, and also seek an award of attorney's fees, interest and

9  costs, as provided for by Nevada Law.

10     **THIRD CLAIM FOR RELIEF UNDER N.R.S. § 608.040**

11     44.   The individual plaintiffs repeat the allegations set forth

12  in paragraphs 1 through 43 as if each were separately and completely

13  set forth herein.

14     45.    The individual plaintiffs bring this Third Claim for

15  Relief pursuant to Nevada Revised Statutes § 608.040.

16     46.   The individual plaintiffs, and numerous members of the

17  plaintiff class, prior to the initiation of this litigation, were

18  discharged or resigned from their employment with the defendants and

19  at the time of such discharge or resignation were owed unpaid wages

20  by the defendant.

21     47.    The defendants have failed and refused to pay such

22  individual plaintiffs and numerous members of the plaintiff class

23  their earned but unpaid wages, such conduct by the defendants

24  constituting a violation of N.R.S. § 608.020, or § 608.030 and

25  giving rise to a claim under N.R.S. § 608.040.

26     48.    As a result of the foregoing, the individual plaintiff

27  seek on behalf of himself and numerous similarly situated members of

28  the plaintiff class, a judgment against the defendants for the

11

1  penalty prescribed by Nevada Revised Statutes § 608.040, to wit, for

2  a sum equal to up to thirty days wages, along with interest, costs

3  and attorneys' fees.

4  **FOURTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT**

5    49.  The individual plaintiffs repeat the allegations set forth

6  in paragraphs 1 through 48 as if each were separately and completely

7  set forth herein.

8    50.  That pursuant to a written contract or series of written

9  contracts, the defendants promised to pay the individual plaintiffs

10  and the members of the plaintiff class certain commissions or

11  piecework payments in exchange for their work as marketing persons

12  for the defendants.

13    51.  The defendants breached the aforesaid contracts in that

14  pursuant to such contracts, the individual plaintiffs and the

15  members of the plaintiff class should have received certain

16  commissions or piecework payments which the defendants failed to pay

17  the individual plaintiffs and the members of the plaintiff class.

18    52.  Upon information and belief, the aforesaid contracts were

19  uniform and all of the proposed class members were promised such

20  commissions or piecework payments, albeit on occasion in differing

21  amounts.

22    53.  On this Fourth Cause of action for breach of contract, the

23  individual plaintiffs seek class certification on behalf of all

24  similarly situated marketing personnel of the defendant in the State

25  of Nevada.

26    54.  As a result of the foregoing, the individual plaintiffs

27  seek on behalf of themselves and numerous similarly situated members

28  of the alleged class of defendants' marketing personnel in the State

12

1   of Nevada, a judgment against the defendants for the sums of money

2   owed to such persons as a result of the defendants' breach of its

3   written contracts to pay such persons commissions or piecework

4   payments, along with interest, costs and attorneys' fees.

5   **PRAYER FOR RELIEF**

6       WHEREFORE, the individual plaintiffs and the plaintiff class

7   members demand judgment against defendants as hereinafter set forth,

8   including, *inter alia*:

9       (a)   Declare this action to be maintainable as a collective

10            action pursuant to 29 U.S.C. §216(b), and direct

11            defendants to provide a list of all persons employed by it

12            as OPC or Greeter marketing persons in the State of Nevada

13            during the past three (3) years, including the last known

14            address and telephone number of each person, so that the

15            individual plaintiffs can give such persons notice of this

16            action and an opportunity to make an informed decision

17            about whether to participate or not;

18

19      (b)   Determine the damages sustained by the individual

20            plaintiffs and the plaintiff class members as a result of

21            defendants' violations of 29 U.S.C. § 206 and § 207, and

22            award those damages against defendants and in favor of the

23            individual plaintiffs and all members of the FLSA Class,

24            plus an additional equal amount as liquidated damages

25            under 29 U.S.C. §216(b), and such pre-judgment interest as

26            may be allowed by law;

27      (c)   Certify the individual plaintiffs' claims under Nevada's

28            statutes and for breach of contract pursuant to N.R.C.P.

§ 23 as a class action and award an appropriate judgment against the defendants for damages to the individual plaintiffs and class members who sustained damages from the defendants' breach of their contracts and violations of Nevada's statutes;

(d) Award Plaintiffs their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

(e) Grant Plaintiff and the Plaintiff class members such other and further relief as the Court may deem just and proper.

Plaintiff further demands a trial by jury on all issues so triable.

Submitted by the attorneys for the
Plaintiffs and the Class,
Leon Greenberg Professional Corporation

By: _____
Leon Greenberg, Esq.
Nevada Bar No.: 8094
633 South 4th Street – Suite 4
Las Vegas, Nevada 89101
(702) 383-6085
Attorney for Plaintiffs

14

**CONS**

Mark R. Thierman, NSB 8285
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Leon Greenberg, NSB 8094
A Professional Corporation
633 South 4th Street - Suite 4
Las Vegas, Nevada 89101
Telephone (702) 383-6085
Attorneys for Plaintiffs

**FILED**

Apr 17  11 59 AM '08

~~Ed Kent~~
CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

---------------------------------X
DEBRA PITTMAN, ROSALYNE R.       )
SMITH, MARKOS MENDOZA, RINEO     )
VLIJTER and EDITH MARSHALL,      )
individually and on behalf of    )
all others similarly situated,   )
                                 )
            Plaintiffs,           )
                                 )
v.                               )
                                 )
WESTGATE PLANET HOLLYWOOD LAS    )
VEGAS, LLC., WESTGATE RESORTS    )
INC., WESTGATE RESORTS LTD.,     )
CFI SALES & MARKETING, LTD.,     )
CFI SALES & MARKETING, LLC.,     )
CFI SALES & MARKETING, INC.,     )
DAVID A. SIEGEL, RICHARD SIEGEL  )
and "John Doe" entities 1 to     )
25, name and number unknown,     )
                                 )
            Defendants.           )
                                 )

Docket # A 587995

DEPT NO. XVI

NOTICE OF FILING OF
CONSENTS TO JOINDER UNDER
29 U.S.C. § 216(b)

---------------------------------X

    S I R S:

    PLEASE TAKE NOTICE that annexed hereto are Consents to Joinder

pursuant to 29 U.S.C. § 216(b) which are to be filed with the Clerk

of the Court as of the date hereof on behalf of Debra Pittman,

1

1   Rosalyne R. Smith, Markos Mendoza, Rineo Vlijter and Edith Marshall

2   Dated: April 16, 2009                Respectfully submitted,

3

4                                        By:_____
                                         /s/ LEON GREENBERG
5                                        Leon Greenberg, Esq.
                                         Nevada Bar No.: 8094
6                                        633 South 4th Street - Suite 4
                                         Las Vegas, Nevada 89101
7                                        (702) 383-6085
                                         Attorney for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         2

CONSENT TO JOINDER

                    Edith Marshall by signing
below, hereby consents to join this case as a plaintiff pursuant
to 29 U.S.C. 216(b).

                              _Edith Marshall_
                              Edith Marshall

CONSENT TO JOINDER

                       Markos Mendoza by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

Markos Mendoza

CONSENT TO JOINDER

Debra Pittman by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

_____
Debra Pittman

CONSENT TO JOINDER

                                       Rosalyne R. Smith by signing
below, hereby consents to join this case as a plaintiff pursuant
to 29 U.S.C. 216(b).

                                         Rosalyne R. Smith

CONSENT TO JOINDER

Rineo Vlijter by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

Rineo Vlijter