UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DEBRA PITTMAN; et al.,

        Plaintiffs,

v.

WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC;  et al.,

        Defendants.

2:11-cv-1149-LRH-PAL

ORDER

      Before the court is plaintiffs Debra Pittman, Rosalyne Smith, Rineo Vlijter, and Edith Marshall's (collectively "plaintiffs") motion to remand and for attorney's fees. Doc. #7.[1] Defendants filed an opposition (Doc. #21) to which plaintiffs replied (Doc. #24).

**I.  Facts and Procedural History**

      Plaintiffs filed the underlying overtime compensation class action against defendants in state court. *See* Doc. #1, Exhibit 1. Defendants removed the action to federal court alleging jurisdiction under the Class Action Fairness Act. Doc. #1. Thereafter, plaintiffs filed the present motion to remand arguing that defendants have failed to satisfy the $5,000,000.00 amount in controversy requirement. Doc. #7.

///

---

[1] Refers to the court's docket entry number.

## II.      Legal Standard

Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). 28 U.S.C. § 1332(d).

## III.     Discussion

### A. Amount in Controversy

The Class Action Fairness Act ("CAFA"), found at 28 U.S.C. § 1332(d), extends federal subject matter jurisdiction to a class action when the aggregate claim exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The removing party has the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $5 million. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir, 2006). Jurisdiction cannot be based on mere "speculation and conjecture." *Lowedermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007). In determining whether the amount in controversy exceeds the jurisdictional requirement, the court may consider facts in the notice of removal as well as "summary judgment type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also, Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation marks omitted).

Here, the court finds that defendants have not established the amount in controversy exceeds $5 million by a preponderance of the evidence. Defendants argue that the amount in controversy is reached by multiplying the estimated class size by the estimated recovery per person of a similar action against defendants currently in federal court. However, defendants' calculations are not based on any real class size or recovery, but only on estimated class size and recovery. *See* Doc. #21. Thus, defendants' stated amount in controversy is based on "speculation and

2

1  conjecture" rather than actual evidence. *See Lowedermilk*, 479 F.3d at 1002. Therefore, the court
2  finds that defendants have not established the $5 million amount in controversy by a preponderance
3  of the evidence, and shall remand this matter accordingly.

### B. Attorney's Fees

An order remanding a case to state court may include an award of attorney's fees. 28 U.S.C. § 1447(c). A district court has wide discretion to grant attorney's fees. *Moore v. Permanent Medical Group*, 981 F.2d 443, 446 (9th Cir. 1992). Fees may be awarded when removal, "while fairly supportable, was wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 1999).

Here, the court declines to exercise its discretion in awarding attorney's fees because defendants' removal, though ultimately improper, was not completely meritless as it was based on figures from a similar, though distinct, action currently being litigated in federal court.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #7) is GRANTED. The clerk of court shall REMAND this action to the Eighth Judicial District Court.

IT IS SO ORDERED.

DATED this 27th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE